UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES MCDONALD,   CASE NO. 3:22-cv-00117-HES-JBT

    Plaintiff,

vs.

WASTE PRO OF FLORIDA, INC.,

    Defendant.

_____/

**PARTIES' JOINT BRIEF IN SUPPORT
OF APPROVAL OF OFFER OF JUDGMENT**

Plaintiff Charles McDonald, by and through his undersigned counsel and pursuant to the Court's Order Regarding Notice of Acceptance of Offer of Judgment filed April 27, 2022 (D.E. 17), files this Joint Brief in Support of Approval of Offer of Judgment, and respectfully states as follows:

1. As stated in Plaintiff's Complaint [D.E. 1], Charles McDonald was previously an Opt-in Plaintiff in *Wright, et. al. v. Waste Pro USA, Inc., et. al.*, Case No. 0:19-cv-62051-KMM, filed in the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "*Wright* Action"). On January 11, 2022, the Court in the *Wright* Action decertified the collective, dismissing the claims of the Opt-in Plaintiffs.

2. Through the course of the litigation Mr. McDonald determined that he was paid one annual bonus of $2,500.00 within the FLSA look-back period. Mr.

McDonald contends that Defendant Waste Pro of Florida, Inc., did not include the annual bonuses within the calculation of his regular rate and therefore he is owed $416.67 in overtime compensation as a result. Defendant denies that Plaintiff is owed any additional compensation since it contends the bonuses paid were discretionary and excluded from the regular rate.

3. Mr. McDonald estimates he is owed approximately $416.67 in unpaid overtime, and an equal amount in liquidated damages.

4. On or about April 27, 2022, Defendant served Plaintiff with an Offer of Judgment in the total amount of $650.00, exclusive of attorney's fees and costs.

5. On or about April 27, 2022, Plaintiff served Defendant with his acceptance of the Offer of Judgment, exclusive of attorney's fees and costs, and filed the same with the Court. [D.E. 17].

6. The Parties contend that this is a fair and reasonable resolution. Defendant disputes the annual bonuses were non-discretionary, instead arguing the bonuses were discretionary in nature and excludable from the regular rate. Defendant further contends it paid Plaintiff in accordance with the FLSA, and acted in good faith, such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims. [D.E. 13, Affirmative Defenses.]

## **Memorandum of Law**

Pursuant to the law of this Circuit, judicial review and approval of this tentative resolution provide final and binding effect to an agreement to settle a

compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).

"[A] Rule 68 offer of judgment is an acceptable method of resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003). But the "acceptance of a Rule 68 offer of judgment in an FLSA case does not relieve [the Court] of the duty to make the [*Lynn's Food*] fairness finding." *Dowell v. Kidz R 4 UZ, Inc.*, No. 6:08-cv-651, 2009 WL 113284, at *2 (M.D. Fla. Jan. 16, 2009).

> As the Eleventh Circuit held in *Lynn Food Stores*,
>
> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn Food Stores, Inc.* 679 F.2d at 1352-53

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the parties' agreement is fair and reasonable, the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff s success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The Parties dispute several material issues. The Parties dispute whether Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate, whether Plaintiff was correctly paid his wages, and whether liquidated damages should be imposed against Defendant. In order to avoid the costs and uncertainty of litigation, the Parties have ultimately resolved this matter pursuant to an Offer of Judgment. Counsel for Plaintiff indicates that, prior to agreeing to the Offer of Judgment, Plaintiff was able to review time and pay records, testimony from the Wright Action, as well as other evidence that was discovered during the Wright Action, which provides further support for the reasonableness of the resolution. Defendant does not know what Plaintiff actually reviewed before agreeing to the Offer of Judgment and contests that the Wright Action provided any benefit to Plaintiff. Plaintiff was, and is, aware that, should he proceed with litigation, his recovery might be greater or lesser than that for which

he is resolving the case. He wishes to resolve the case in order to avoid the uncertainties of litigation, in a resolution in which he agrees that the amount he is receiving is fair and reasonable. In essence, Plaintiff is receiving approximately 100% of the claimed unpaid overtime wages due to the miscalculation of the regular rate, and approximately 36% of what would be attributed as liquidated damages in this matter. Moreover, Plaintiff does not bear any responsibility for fees and costs, as his counsel will apply to the court for their reasonable attorneys' fees and costs pursuant to local rule if the Court approves this resolution as fair and reasonable and enters judgment hereupon as requested. The amount received by Plaintiff pursuant to the Offer of Judgment is a fair and reasonable compromise and should be approved by the Court.

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment against Waste Pro of Florida in the amount of $650.00, whereupon counsel for Plaintiff will apply to this Court pursuant to LR 7.01 for their reasonable and necessary fees and costs.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case.

Respectfully submitted,

*/s/ C. Ryan Morgan*
C. Ryan Morgan, Esq.
FBN 0015527
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email:  rmorgan@forthepeople.com
Paul M. Botros, Esq.
FBN 0063365
8151 Peters Road
Suite 4000
Plantation, FL 33324
Telephone: (954) 327-5352
Facsimile: (954) 327-3017
Email:  pbotros@forthepeople.com


/s/ AMY S. TINGLEY
Amy S. Tingley, Esq.
Florida Bar No.: 0068871
Stovash, Case & Tingley, P.A.
The VUE at Lake Eola
220 N. Rosalind Avenue
Orlando, Florida 32801
Telephone: 407-316-0393
Facsimile: 407-316-8969
Attorney for Defendant